**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50639 |
| Plaintiff-Appellee, | D. C. 2:09-cr-0267-JFW |
| v. | |
| RAVEE SUPHUNTHUCHAT, etc. | MEMORANDUM [*] |
| Defendant-Appellent. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 5, 2010[**]
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

After a bench trial, the district court found defendant guilty of access device fraud, in violation of 18 U.S.C. § 1029(a)(2). After the district court rejected defendant's motion for a new trial, defendant appealed to this Court arguing there was insufficient evidence to support his conviction and that the district court erred in denying his motion for a new trial.

When viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements" of access device fraud beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks and emphasis omitted). The evidence viewed in the light most favorable to the prosecution establishes that defendant opened a postal box at a commercial mail receiving agency, received packages there containing items worth thousands of dollars bought with three different J.P. Morgan Chase Bank credit cards in July and August 2008, and gave some of these purchased items to his daughter to sell on eBay. Further, payments were made toward these credit card bills that were later returned unpaid for insufficient funds, consistent with a "bust-out" scheme to commit credit card fraud.

A rational trier of fact could have found, based on this evidence, that defendant (1) knowingly and with intent to defraud , (2) used "one or more

unauthorized access devices during any one-year period," (3) to obtain things of value totaling at least $1,000 or more during that period, and (4) affected interstate commerce with his conduct. 18 U.S.C. § 1029(a)(2). Although defendant argues there was evidence establishing he was employed by a man named Weerawat Rahamadprasert ("W.R.") and W.R. was the person engaged in the access device fraud at issue, our job is simply to ask whether any rational trier of fact viewing the evidence in the light most favorable to the prosecution could have made a finding of guilt. *See Nevils*, 598 F.3d at 1163-64. We are not to ask "whether a finder of fact could have construed the evidence produced at trial to support acquittal." *Id.* In this case, sufficient evidence exists to support the district court's verdict.

We further hold the district court did not abuse its discretion in denying the motion for new trial. *United States v. Moses*, 496 F.3d 984, 987 (9th Cir. 2007) (standard of review).

AFFIRMED.